UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| MAUREEN NICKOL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 1:14-cv-268-CHS |
| NANCY A. BERRYHILL, Acting | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

I.  Introduction

This action was instituted pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the Commissioner's final decision denying Maureen Nickol's ("Plaintiff") claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided by the Social Security Act.

The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Sixth Circuit [Doc. 26]. Pending before the Court is Defendant's Motion for Summary Judgment [Doc. 30]. The Court will consider Plaintiff's "Brief in Support of the Claimaint" [sic] [Doc. 29], in which she requests reversal or remand of the Commissioner's decision, as her dispositive motion in this matter.

For the reasons stated herein, the Court **AFFIRMS** the Commissioner's decision. Accordingly, the Court **DENIES** Plaintiff's motion [Doc. 29] and **GRANTS** Defendant's motion

1

[Doc. 30].

   II. Background

      A. Procedural History

On October 25, 2011, and April 19, 2013, Plaintiff protectively filed for DIB and SSI under Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. § 401 *et seq.* and 42 U.S.C. § 1381 *et seq.*, based on panic attacks, depression, chronic joint pain, severe menopause symptoms, endometriosis, and pyelonephritis[1] [Tr. 11, 108-109, 125].[2] Plaintiff's claim was denied initially and on reconsideration [Tr. 54-55, 57-60, 62-64]. On February 27, 2014, Plaintiff appeared and testified at a hearing before Administrative Law Judge ("ALJ") Ronald Feibus [Tr. 27-46]. On March 27, 2014, the ALJ issued a decision finding that Plaintiff was "not disabled," as defined in the applicable sections of the Act, because work existed in the national economy that she could still perform [Tr. 11-19]. On July 8, 2014, the Appeals Council denied Plaintiff's request for review [Tr. 1-3]. Thus, Plaintiff has exhausted her administrative remedies, and the ALJ's decision stands as the Commissioner's final decision subject to judicial review. *See* 42 U.S.C. § 405(g).

      B. Relevant Facts

   *Plaintiff's Age, Education, and Past Work Experience*

Plaintiff is currently a fifty-one-year-old individual who performed past relevant work as a help desk analyst and computer support technician [Tr. 31-32, 40-41, 131, 153-160]. At the

---

[1] The Court will focus its review of the record on the impairments that are relevant to Plaintiff's dispositive motion [Doc. 29].

[2] An electronic copy of the administrative record is docketed at Doc. 23.

time of her alleged onset date of September 14, 2010, Plaintiff was forty-four years old [Tr. 108].

*Plaintiff's Testimony and Medical History*

The parties and the ALJ have summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters as relevant to the analysis of the parties' arguments.

*The ALJ's Findings*

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015.

2. The claimant has not engaged in substantial gainful activity since September 14, 2010, the alleged onset date (20 CFR 404.1571, *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: depression; anxiety (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: (1) the claimant can understand and remember for simple, detailed, and multi-step tasks, but not for executive level tasks; (2) concentration, persistence, or pace can be sustained for a workday/workweek, for [the] above tasks, with customary breaks, but does not include production-oriented work; (3) claimant can sustain appropriate interactions with the public, co-workers, and supervisors; and (4) claimant can set goals and adapt to infrequent, gradual changes.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on February 6, 1966, and was 44 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 29 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from September 14, 2010, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Tr. 13-19].

III. Analysis

A. Standard of Review

The determination of disability under the Act is an administrative decision. To establish disability under the Social Security Act, a claimant must establish she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful

4

activity she is not disabled; (2) if the claimant does not have a severe impairment she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment she is disabled; (4) if the claimant is capable of returning to work she has done in the past she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the next step. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which she can perform considering her age, education and work experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way,

without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986).

The court may consider any evidence in the record, regardless of whether the ALJ cited it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, for purposes of substantial evidence review, the court may not consider any evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Furthermore, the court is not obligated to scour the record for errors not identified by the claimant, *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. Aug. 18, 2009) (stating that assignments of error not made by claimant were waived), and "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

B. Discussion

Plaintiff presents two issues for review: (1) whether the ALJ "failed to give proper weight to" the opinion of her treating physician, Dr. Alfred Alingu; and (2) whether the ALJ failed to consider Plaintiff's impairments in combination [Doc. 29 at 3].

*1. Treating Source*

Plaintiff first argues that the ALJ failed to give proper weight to the opinions of Plaintiff's treating physician, Dr. Alfred Alingu [*Id.*].

Under the Regulations, a "treating source" is defined as the claimant's "own physician, psychologist, or other acceptable medical source who provides [the claimant], or has provided

6

[the claimant], with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with [the claimant]." 20 C.F.R. §§ 404.1502, 416.902.[3] *Accord Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 375 (6th Cir. 2013). An ALJ is required to give a treating source's medical opinion "controlling weight" if: "(1) the opinion 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques'; and (2) the opinion 'is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart*, 710 F.3d at 376 (quoting 20 C.F.R. § 404.1527(c)(2)); *West v. Comm'r of Soc. Sec.*, 240 F. App'x 692, 696 (6th Cir. 2007).

If the treating source's medical opinion is not entitled to controlling weight, the ALJ must determine the appropriate weight to give the opinion upon consideration of the following factors: "the length, frequency, nature, and extent of the treatment relationship, . . . as well as the treating source's area of specialty and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence." *Gayheart*, 710 F.3d at 376 (citing 20 C.F.R. § 404.1527(c)(2)-(6)). If the ALJ does not give a treating source's opinion controlling weight, he must give "good reasons" that are supported by the evidence in the record and sufficiently specific to permit "meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal citations omitted). A failure to give "good reasons," or a failure to determine the degree of deference owed to a non-controlling treating source opinion, "denotes a lack of substantial evidence, even where the conclusion of the

---

[3] The Social Security Administration revised its rules regarding the evaluation of medical evidence. 82 Fed. Reg. 5844-01, 2017 WL 168819. The revised regulations went into effect on March 27, 2017, *id.*, and are not applicable to this case. *See Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("Retroactivity is not favored in the law. Thus, congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) ("The Act does not generally give the SSA the power to promulgate retroactive regulations.").

ALJ may be justified based upon the record" and requires remand. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (per curiam) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007)). The treating-source rule is not, however, "a procrustean bed, requiring an arbitrary conformity at all times." *Friend*, 375 F. App'x at 551. The ultimate decision of disability rests with the ALJ. *Sullenger v. Comm'r of Soc. Sec.*, 255 F. App'x 988, 992 (6th Cir. 2007).

In this case, Plaintiff's treating physician and pain management doctor, Dr. Alingu, wrote two letters dated August 23, 2012, and February 12, 2013, outlining his medical opinion regarding Plaintiff's physical functional limitations. The ALJ reviewed Dr. Alingu's opinions in detail:

> Dr. Alingu has provided a medical source statement dated February 2013 in which he states that claimant has 'many chronic medical problems including osteoarthritis, low back pain, . . . major depression, anxiety, and fibromyalgia.' The doctor goes on to opine that these conditions prevent claimant from working because she is unable to walk for any period of time nor lift more than 5 pounds. Finally, Dr. Alingu states, "there is no mental impairment, but her memory and concentration is affected by her anxiety and depression."

[Tr. 16-17].

The ALJ assigned Dr. Alingu's opinions, as set out in his two letters, "little weight,"[4] explaining the decision to do so as follows:

> I have previously found claimant's physical impairments to be non-severe. However, for the sake of clarity, and because Dr. Alingu also discusses mental impairments, I hereby expressly give little weight to this medical source statement for the following reasons: (1) claimant last saw Dr. Alingu in November 2011, so it is not clear why he is writing a letter dated February 2013; (2) his opinions are in stark contrast to the objective medical evidence of record, including the physical exam performed by Dr. Dreskin in March 2012 (which was largely normal and unremarkable) and Dr. Dreskin's finding that claimant has no

---

[4] Plaintiff incorrectly argues that the ALJ assigned Dr. Alingu's opinions "no weight" [Doc. 29 at 4].

> pathology justifying the prescription of narcotics; (3) Dr. Alingu's opinions are inconsistent with his own treatment records, and (4) Dr. Alingu's opinions are internally inconsistent, as it makes no sense to say that claimant has anxiety and depression which impact her memory and concentration, but to then say in the same sentence that she has no mental impairments.
>
> . . .
>
> Claimant alleges debilitating anxiety and depression, but has not pursued any formal mental health treatment. I see that there is mention of these impairments by her Florida primary care physician (who also doubled as a pain doctor), Dr. Alingu. For example, Dr. Alingu documents on a number of occasions that claimant was tearful, anxious, and depressed, and he prescribed her benzos. However, Dr. Alingu consistently documented that, contrary to claimant's assertions, this did not impact her memory, insight, or judgment.

[Tr. 16-17].

After reviewing the ALJ's decision and the record as a whole, the Court concludes that the ALJ correctly assessed Dr. Alingu's medical opinions and appropriately applied the treating source rule. The ALJ determined that Dr. Alingu's opinions were inconsistent with the other evidence of record and, therefore, not entitled to controlling weight. In particular, the ALJ found that Dr. Alingu's opinions were "in stark contrast to the objective medical evidence of record," including physical examinations that were generally unremarkable during the alleged period of disability [Tr. 17, 452-454]. *See* 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion."). For example, upon physical examination in early 2012, Dr. Stephen Dreskin noted that Plaintiff ambulated normally, had intact sensation, and demonstrated normal motor strength and tone, normal gait and station, and normal movement of all extremities with no tenderness, no spasms, and no muscle tightness in her back [Tr. 453-454]. The ALJ also found that Dr. Alingu's opinions were inconsistent with his own treatment notes [Tr. 17]. Substantial evidence

9

supports this finding. For example, although Dr. Alingu opined that Plaintiff was "unable to lift or carry over 5 lbs" [Tr. 282, 459], his treatment notes do not document such lifting restrictions. The ALJ also noted examples of internal inconsistency within Dr. Alingu's opinions [Tr. 17]. Dr. Alingu opined that Plaintiff had no mental impairment [Tr. 282, 459]; however, in the same sentence, Dr. Alingu indicated that Plaintiff's anxiety and depression affected her memory and concentration [Tr. 17, 282, 459]. The ALJ properly considered such inconsistencies when evaluating Dr. Alingu's opinion in the context of the record as a whole.

Besides stating that "the evidence clearly shows Dr. Alingu maintained a continuous treating relationship with [Plaintiff] through the Archeno Medical Center," Plaintiff does not challenge any of the reasons that the ALJ articulated for discounting Dr. Alingu's opinions or otherwise present a cogent argument on this issue [Doc. 29 at 4]. The length of the treatment relationship is but one factor that an ALJ may consider when evaluating a treating source's opinion. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). On this point, the Court also notes the ALJ's reasonable criticism that Dr. Alingu wrote his February 2013 letter more than a year after he last saw Plaintiff in November 2011 [Tr. 17].

The Court finds that the ALJ properly weighed the applicable statutory factors when determining that Dr. Alingu's opinions were entitled to little weight. In addition, the Court finds that the ALJ explained the basis for affording little weight to the treating physician's opinions and gave good reasons for the decision. Accordingly, the Court concludes that the ALJ did not err in his consideration of Dr. Alingu's opinions.

2. *Combination of Impairments*

Without specifying how, Plaintiff argues that the ALJ failed to consider her impairments

in combination [Doc. 29 at 5]. Her entire argument on this broad claim of error is as follows:

> In this instance, the administrative law judge failed to determine if the Claimant's impairments, both mental and physical, considered in combination, would direct a finding of disability in this case. The administrative law judge is required to consider the cumulative effect of impairments which are comorbid [*sic*] and exist in combination. *Kennedy v. Astrue*, 247 Fed. Appx 761, 768 (6th Cir. 2007).[5]

*Id*.

As stated above, "issues which are 'adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived,'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)). "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997). Here, Plaintiff's barebones brief fails to develop any legal argument in support of this issue. Accordingly, the Court finds that Plaintiff has waived the issue. *See Warner v. Comm'r of Soc. Sec.*, No. 4:13-cv-46, 2014 WL 3866160, at *7 (E.D. Tenn. Aug. 5, 2014) (finding waiver of issue because of plaintiff's failure to "provide any legal grounds, argument, or citation to any authority, case, or rule in support of [a] claim of error"); *Woods v. Comm'r of Soc. Sec.*, 2009 WL 3153153, at *7 (W.D. Mich. Sept. 29, 2009); E.D. Tenn. L.R. 7.1(b).

IV. <u>Conclusion</u>

Having carefully reviewed the entire administrative record and the parties' briefs filed in support of their respective motions, the Court concludes that there is substantial evidence in the record to support the ALJ's findings and the Commissioner's decision, and that neither reversal

---

[5] The case that Plaintiff cites is not relevant to the issue raised.

nor remand is warranted on these facts. With such support, the ALJ's decision must stand, even if the record also contains substantial evidence that would support the opposite conclusion. *See, e.g.*, *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Accordingly, it is hereby **ORDERED** that the Commissioner's Motion for Summary Judgment [Doc. 30] is **GRANTED** and the Commissioner's decision is **AFFIRMED**. This action is hereby **DISMISSED** and the Court directs the Clerk to **CLOSE** the case. A separate judgment will enter.

*Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE